UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LANDMARK AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                          Case No: 2:18-cv-600-FtM-29UAM

H. ANTON RICHARDT, DDS, PA,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on review of the file. Subject-matter jurisdiction is premised on the presence of a diversity of citizenship between the parties. (Doc. #1, ¶ 6.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3). The Court is satisfied as to the citizenship allegations in the Complaint. (Doc. #1, ¶¶ 1-2.) However, the amount in controversy does not appear to be in excess of $75,000.

Plaintiff insurance company alleges that defendant is claiming damages to its property in the amount of $596,875.04, as estimated by Stellar Public Adjusting Services, LLC. (Id., ¶ 4.)

Plaintiff determined that the covered damages only total $12,984.15, based on an estimate from Engle Martin and Associates, because the insurance policy at issue has a deductible of $65,000. (Id., ¶ 5.) The difference in the amounts, however, is not the subject matter of this litigation.

The Complaint presents one claim for declaratory relief as to the impartiality of defendant's adjustor. Plaintiff alleges that the insurance policy's appraisal provision requires that each party select a competent and impartial appraiser. Plaintiff asserts that Stellar's compensation agreement with defendant provides that it will receive 10% of any sums paid by plaintiff if paid before an appraisal is demanded, and 15% if paid after an appraisal is demanded. Thus, plaintiff asserts, defendant's appraiser has a direct financial interest in the outcome of the appraisal, and is therefore not impartial. Plaintiff alleges that defendant has refused to appoint another appraiser, and a controversy exists as to whether Stellar may serve as defendant's appraiser. Plaintiff seeks a declaration that the appraiser is not impartial and should be disqualified. The Counterclaim (Doc. #17) seeks a declaration on the same issue, but of course in the opposite direction.

Under the Declaratory Judgment Act, the Court "may declare the rights and other legal relations" of any party. 28 U.S.C. § 2201(a). The Declaratory Judgment Act is "procedural only" and

does not provide a basis for subject-matter jurisdiction. Medtronic. Inc. v. Mirowski Family Ventures LLC, 134 S. Ct. 843, 848 (2014); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Here, both sides rely upon diversity of citizenship jurisdiction.

The Eleventh Circuit has "held that for amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective . . . Stated another way, the value of declaratory relief is the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted." S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315–16 (11th Cir. 2014) (quoting Morrison v. Allstate Indem. Co,, 228 F.3d 1255, 1268 (11th Cir. 2000)). "That requirement is not satisfied if the value of the equitable relief is 'too speculative and immeasurable.'" Id. at 1316.

Plaintiff is not seeking a declaration as to the appropriate amount of damages, or an award of damages. Plaintiff is not even seeking a declaration as to liability, which could be assigned a value. Both parties only seek a declaration regarding the impartiality of the appraiser selected by defendant, and whether the manner of fee calculation is a disqualification. The prevailing party either gets to keep the appraiser or proceed with

another appraiser.  Either way, any value of the result is too speculative to satisfy the amount in controversy requirement.

Plaintiff and defendant will be provided an opportunity to state the presence of federal jurisdiction in their respective pleadings pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. #1) and Counterclaim (Doc. #17) are **dismissed** for lack of subject matter jurisdiction with leave to amend within **FOURTEEN (14) DAYS** of this Order if subject matter jurisdiction can be alleged.  **If no Amended Complaint is filed, the Court will close the file without further notice.**

2. The Motion for Judgment on the Pleadings (Doc. #24) is **denied as moot** in light of the dismissal of the pleadings for subject matter jurisdiction.

**DONE AND ORDERED** at Fort Myers, Florida, this   15th   day of February, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record