UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LANDMARK AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                              Case No: 2:18-cv-600-FtM-29UAM

H. ANTON RICHARDT, DDS, PA,
d/b/a INTERNATIONAL
INSTITUTE FOR COSMETIC
DENTISTRY,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss [Count I of] First Amended Complaint for Declaratory Relief (Doc. #32) filed on March 5, 2019. Plaintiff Landmark American Insurance Company filed an Opposition to Defendant's Motion to Dismiss (Doc. #33) on March 18, 2019. For the reasons set forth below, the motion is granted in part.

**I.**

The original Complaint presented one count seeking a declaratory judgment that defendant's claims adjustor was not impartial. On February 15, 2019, the Court issued an Opinion and Order (Doc. #29) dismissing the original Complaint because the allegations did not plausibly show that the jurisdictional amount in controversy could be satisfied.

The First Amended Complaint for Declaratory Judgment (First Amended Complaint) (Doc. #30) contains two claims for declaratory judgment. Count II is the same claim as set forth in the original Complaint, and defendant has filed an Answer and Counterclaim (Doc. #31). The newly-added Count I seeks a declaration that certain sections of plaintiff's insurance policy with defendant preclude coverage of the portions of defendant's claim relating to property damage (seeking $596,875.04) and business interruption losses (seeking $96,080.05).

The First Amended Complaint alleges the following material facts:

Plaintiff Landmark American Insurance Company (Landmark Insurance) issued an insurance policy (the Policy) to defendant H. Anton Richardt, DDS, PA., d/b/a International Institute For Cosmetic Dentistry (International), covering property located in Naples, Florida (the Insured Property) for the period April 8, 2017 to April 8, 2018. (Doc. #30, ¶ 9.)

On or about September 10, 2017, the Insured Property sustained damages alleged to be the result of Hurricane Irma. (Id., ¶ 10.) In due course, International filed a claim (the Claim) with Landmark Insurance. (Id., ¶ 11.) The Claim had two components, one asserting property damage resulting from Hurricane Irma and the second asserting business interruption damages resulting from Hurricane Irma. (Id., ¶ 12.)

Landmark Insurance investigated the Claim. (Id., ¶ 11.) On November 8, 2017, Landmark Insurance's engineering consultant, EFI Global (EFI), inspected the Insured Property and observed evidence of deterioration in the exposed underlayment in the valleys of the roof. EFI further found no storm-related openings in the roof, but instead found that damage was caused by exposure over a long period of time. EFI concluded that 5 roof tiles were damaged as a result of "wind-borne debris impact during Hurricane Irma"; the wind-damaged tiles represented less than 1 percent of the area of any roof section; the missing soffit and damaged sign were the result of damage from Hurricane Irma; cracked tiles throughout the roof were the result of thermal movement and foot-fall, and were not caused by wind uplift; and the exposed underlayment in the valleys of the roof were deteriorated, which may have resulted in water intrusion, but was not storm damage. (Doc. #30-5, Exh. D.)

Based upon the EFI inspection and other information, on December 6, 2017, Landmark Insurance, through an adjusting company, advised International that its "total loss and damage resulting from Hurricane Irma totals $12,984.15." (Id.) No payment was issued to International because the Policy carried a deductible of $65,000. In the same letter Landmark Insurance also determined there was no coverage for defendant's business interruption claim based on a Policy exclusion and because the business interruption was a result of an off-site power outage. (Id.)

On March 28, 2018, Stellar Public Adjusting Services, LLC (Stellar) prepared a report (Doc. #30-1, Exh. A) estimating the cost to repair/replace the Insured Property as being $596,875.04. By letter dated June 11, 2018 (Doc. #30-6, Exh. E), International's counsel forwarded the Stellar report and estimate to Landmark Insurance. International stated its desire to submit the parties' differences regarding amount of loss to appraisal, with Mr. Rami Boaziz of Stellar acting as its appraiser. (Id.)

On November 9, 2018, International submitted a Sworn Statement In Proof of Loss (Doc. #30-1, Exh. A) seeking $596,875.04 (less the $65,000 deductible) for building/property damage as estimated by Stellar, and a Sworn Statement In Proof of Loss (Doc. #30-2, Exh. B) related to business interruption losses for $96,080.05.

Landmark Insurance denied the Claim. Specifically, Landmark Insurance asserts that there is a Policy exclusion which precludes damages to exterior trees, shrubs, and resulting cleanup from being a covered loss (Doc. #30, ¶¶ 18-19), another exclusion which precludes roof damage from deterioration from being covered (id., ¶¶20-22), and two other exclusions which preclude water damage as asserted in the Claim from being covered (id., ¶¶ 23-31). As to business interruption damages, Landmark Insurance found that another exclusion precludes coverage for any portion of this component of the Claim. (Id., ¶¶ 32-37.)

4

Count I of the First Amended Complaint asserts that Landmark Insurance maintains that certain sections of the Policy preclude coverage for some of International's property damage claim and all of its business interruption claim, while International maintains it losses were covered under the Policy. Landmark Insurance "seeks a declaration that International is not entitled to recovery under the Policy because the losses are not a covered loss and/or are excluded under the Policy." (Doc. #30, ¶ 45.)

## II.

International seeks to dismiss a portion of Count I for failure to state a claim. Specifically, International argues that while Landmark Insurance may seek declaratory relief as to whether there is coverage for the business interruption component of the Claim, it may not seek declaratory relief on to the property damage component of the Claim. The distinction, International asserts, is that Landmark Insurance wholly denied the business interruption claim (thus creating an issue for the Court), while it found coverage on the property damage claim but disputed the causation or amount of damages (thus creating an issue for the appraiser). Landmark Insurance asserts that International is conflating coverage with causation, and all components of the Claim are properly before the Court.

**A. Florida Law**

The law in Florida is clear, and the parties do not dispute, "that the issue of [insurance] coverage is one for the court." People's Tr. Ins. Co. v. Garcia, 263 So. 3d 231, 234 (Fla. 3d DCA 2019) (citing State Farm Fire & Cas. Co. v. Licea, 685 So. 2d 1285, 1287 (Fla. 1996)). "A challenge of Coverage is exclusively a Judicial question. . . ." Midwest Mut. Ins. Co. v. Santiesteban, 287 So. 2d 665, 667 (Fla. 1973) (citation omitted). An issue of causation is a little trickier, since "[t]he issue of causation [ ] may be either one of coverage for the court or one of the amount of loss for the appraisers." Garcia, 263 So. 3d at 234. "[C]ausation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed." Johnson v. Nationwide Mut. Ins. Co., 828 So. 2d 1021, 1022 (Fla. 2002). "In other words, when an insurer admits coverage and disputes the amount of loss, causation is to be determined by an appraisal panel." People's Tr. Ins. Co. v. Tracey, 251 So. 3d 931, 933 (Fla. 4th DCA 2018) (citations omitted).

"The appraisers determine the amount of the loss, which includes calculating the cost of repair or replacement of property damaged, and ascertaining how much of the damage was caused by a covered peril. . . ." Garcia, 263 So. 3d at 234 (quoting Citizens

6

Prop. Ins. Corp. v. River Manor Condo. Ass'n, Inc., 125 So. 3d 846, 854 (Fla. 4th DCA 2013)) (citations omitted). The responsibilities of the appraiser "necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes." Licea, 685 So. 2d at 1288.

> Notably, in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the *extent* of covered damage and the *amount* to be paid for repairs. [Johnson, 828 So. 2d at 1025]. Thus, the question of what repairs are needed to restore a piece of covered property is a question relating to the amount of "loss" and not coverage. Ipso facto, the scope of damage to a property would necessarily dictate the amount and type of repairs needed to return the property to its original state, and an estimate on the value to be paid for those repairs would depend on the repair methods to be utilized. The method of repair required to return the covered property to its original state is thus an integral part of the appraisal, separate and apart from any *coverage* question. Because there is no dispute between the parties that the cause of the damage to Cannon Ranch's property is covered under the insurance policy, the remaining dispute concerning the scope of the necessary repairs is not exclusively a judicial decision. Instead, this dispute falls squarely within the scope of the appraisal process—a function of the insurance policy and not of the judicial system.

Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc., 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (emphasis in original).

**B. Application**

As Landmark Insurance stated in the First Amended Complaint,

> "5. Landmark has determined that International's building suffered $12,984.15 in covered damages but has issued no payment because the subject insurance policy carries a deductible of $65,000 applicable to Landmark's claim.
>
> 6. Landmark has determined there is no coverage for International's business interruption and extra expense claim based on an applicable policy exclusion.

(Doc. #30, ¶¶ 5, 6.) Thus, Landmark Insurance did not wholly deny the property damage claim, and therefore the property damage component of the Claim will be determined in an appraisal, not by the Court. Tracey, 251 So. 3d at 933; Garcia, 263 So. 3d at 236. The case will otherwise proceed as to the business interruption damages component of the Claim, along with Count II, as it was not subject to the motion to dismiss.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss First Amended Complaint for Declaratory Relief (Doc. #32) is **GRANTED** to the extent the portion of Count I seeking a declaratory judgment as to Property Damage is **DISMISSED** without prejudice.

2. Defendant shall file an amended answer within **FOURTEEN (14) DAYS** of this Order to include the business interruption damages portion of the Claim in Count I that was not subject to dismissal.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of April, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record