```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

LANDMARK AMERICAN INSURANCE
COMPANY,

      Plaintiff,

v.                             Case No: 2:18-cv-600-FtM-29UAM

H. ANTON RICHARDT, DDS, PA,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Judgment on the Pleadings (Doc. #37) filed on April 30, 2019. Plaintiff filed a Response in Opposition and Cross-Motion for Judgment on the Pleadings (Doc. #38) on May 14, 2019, and defendant filed a Response (Doc. #39) and Notices of Filing (Docs. #41, #44, #46) with supplemental authority attached. Plaintiff also filed supplemental authority. (Doc. #45.)

## I.

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (citations omitted). The Court

accepts "the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted). "The complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).

## II.

Landmark American Insurance Company (Landmark) is an insurance company. H. Anton Richardt, D.D.S., doing business as International Institute for Cosmetic Dentistry (International), is the insured under a policy issued by Landmark for coverage of property located in Naples, Florida. On or about September 10, 2017, International's property sustained damages as a result of Hurricane Irma.

International claimed $596,875.04 in damages to its property and a loss of business income and extra expense in the amount of $96,080.50. The estimate of damages came from Stellar Public Adjusting Services (Stellar). Landmark however determined that International's building suffered only $12,984.15 in covered damages, and no payment was issued because the policy carried a

$65,000 deductible.[1]  Landmark further determined that there was no coverage for the business interruption and extra expense claim based on an applicable policy exclusion.[2]  The determination was

---

[1] On November 8, 2017, Landmark's engineering consultant, EFI Global inspected the property and allegedly observed evidence of deterioration in the exposed underlayment in the valleys of the roof.  (Doc. #30, ¶ 21.)

[2] The exclusion states:

> **CAUSES OF LOSS – SPECIAL FORM (CP 10 30 10 12):**
>
> **B. Exclusions**
>
> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
> . . .
>
> **e. Utility Services.**
>
> The failure of power, communication, water or other utility service supplied to the described premises; however caused, if the failure:
>
> (1) Originates away from the described premises; or
>
> (2) Originates at the described premises, but only if such failure involves equipment used to supply the utility service to the described premises from a source away from described premises. Failure of any utility service includes lack of sufficient capacity and reduction in supply. Loss or damage caused by a surge of power is also excluded, if the surge would not have occurred but for an event causing a failure of power.

communicated in writing on or about December 6, 2017. On June 11, 2018, International forwarded correspondence to Landmark enclosing a March 28, 2018, estimate created by Stellar and demanding appraisal. Mr. Rami Boaziz of Stellar conducted the appraisal for International. Landmark investigated International's claim and assigned Engle Martin and Associates to investigate the claim and to estimate the cost of repair.

The policy's appraisal provision requires that each party select a 'competent and impartial appraiser':

> E. Loss Conditions
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:
>
> . . .
>
> 2. Appraisal
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser.

(Doc. #30, ¶ 38.) Stellar's compensation agreement with International provides it with a direct financial interest in the outcome of the appraisal, a percentage, which percentage amount is in dispute.[3] The compensation agreement provides that

---

(Doc. #36, ¶ 20.)

[3] The agreement provides for an additional 5%, however defendant argues that Florida State law caps the amount at 10%.

- 4 -

International agrees to pay and assigns to Stellar 10% "of all payments made by the insurance company related to the loss, whether contractual or extra-contractual. In the event appraisal or mediation is demanded or a lawsuit is filed on the above claim, there will be an additional charge of five-percent. The total contractual percentage shall not exceed the maximum allowed by law. The fee will be based on the total amount of the settlement after the application of the deductible. Fees will only be charged on monies paid by the Insurer after the date this Agreement is signed." (Doc. #30-8, Ex. F.) Landmark's appraiser, Phillip Ambrose wrote an email to International's public adjuster. Both Landmark and International's appraisers signed the Declaration of Appraisers.

International has refused to appoint another appraiser, and the parties agree that there is a bona fide, actual, present and practicable need for a declaration as to whether Mr. Boaziz may serve as the appraiser.

## III.

Defendant seeks to disqualify International's public adjuster from acting as its appraiser because Stellar is being compensated on a contingency fee basis. Defendant argues that Rios v. Tri-State Ins. Co., 714 So. 2d 547 (Fla. 3d DCA 1998) and its progeny do not apply. Plaintiff seeks judgment in its favor based on the Rios progeny, and the more recent decision in Brickell Harbour

Condo. Ass'n, Inc. v. Hamilton Specialty Ins. Co., 256 So. 3d 245 (Fla. 3d DCA 2018).

In Rios, the Court found that disqualification of a party-appointed arbitrator with a direct or an indirect financial interest in the outcome of an arbitration was not required, only voluntary disclosure. Rios v. Tri-State Ins. Co., 714 So. 2d 547, 550 (Fla. 3d DCA 1998). See also Galvis v. Allstate Ins. Co., 721 So. 2d 421, 421 (Fla. 3d DCA 1998) (directing disclosure based on Rios for requirement of a "disinterested" appraiser); Brickell Harbour Condo. Ass'n, Inc. v. Hamilton Specialty Ins. Co., 256 So. 3d 245, 249 (Fla. 3d DCA 2018) (also requiring disclosure but not disqualification).

The Southern District has addressed the exact same "competent and impartial appraiser" language as in this case, and Mr. Boaziz of Stellar was also the appraiser in that case. Verneus v. Axis Surplus Ins. Co., 16-21863-CIV, 2018 WL 3417905 (S.D. Fla. July 13, 2018). The Southern District considered the contingency fee agreement, but also considered additional factors not present in this case. The Southern District considered that Mr. Boaziz was the principal or owner of Stellar and now a trust bearing his name is the managing member of Stellar, that Mr. Boaziz's role as "president" and registered agent and "perhaps more" was not adequately explained, that Stellar has had six other cases with the law firm that represents the insured, and none of these facts

were disclosed, and that Mr. Boaziz was unlikely to reach a conclusion that significantly differs from the original scope of loss submitted. The Southern District concluded that "the unique and special combination of circumstances" required disqualification. The court clarified that it was "not setting forth a rule that an appraiser cannot be impartial whenever his financial compensation is based on a percentage of the recovery. Rather, as is apparent, Stellar's contingency contract is only one of *several* factors underlying this decision." Verneus v. Axis Surplus Ins. Co., 16-21863-CIV, 2018 WL 3417905, at *6 n.2 & *7 (S.D. Fla. July 13, 2018). The facts available in this case are that Stellar anticipates a percentage of the appraisal award. Nothing more. The Court finds that disqualification is not necessarily required under the sole factor of a financial interest.

Landmark asks the Court to apply the Code of Ethics for Arbitrators in Commercial Disputes and the presumption of neutrality for arbitrators to International's appraiser who cannot be considered impartial based on the contingent-fee agreement. In Branco, a Florida appellate court noted that "the revised Code of Ethics adopted by AAA and ABA, effective since March 1, 2004, changes the landscape considerably, thus, undercutting the continued viability of the holding in Rios. Florida Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 495 (Fla. 5th DCA 2014). The issue was whether the party's attorney could act as a

"disinterested" appraiser when there is a "fiduciary duty of loyalty" or "confidential relationship" with the client, and the court concluded that an attorney to a client cannot serve as an appraiser or arbitrator.

Citing Verneus and Branco, the Southern District recently disqualified an appraiser in Shores and required the designation of a "disinterested appraiser, that has no pecuniary interest in this matter." Shores at Coco Plum Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co., No. 18-23910-CIV, 2019 WL 2223172, at *2 (S.D. Fla. Apr. 29, 2019). This was so even though the additional factors were not present, and no bright-line rule was established. "By virtue of the contingency compensation plan, Mr. Downs has a vested interest in appraising the Property at the highest possible recovery because his compensation will be a percentage of the appraisal." Id. See also Nalcrest Found., Inc. v. Landmark Am. Ins. Co., No. 8:18-CV-996-T-24AAS, 2018 WL 4293147, at *6 (M.D. Fla. July 27, 2018) (concluding that the appraiser was not impartial because he had a financial interest in the outcome of the appraisal).

Black's Law Dictionary defines "impartial" as "[n]ot favoring one side more than another; unbiased and disinterested; unswayed by personal interest." Black's Law Dictionary (11th ed. 2019). A pecuniary interest in the outcome is by definition a personal interest that favors one side over the other. The Court finds

that the Verneus line of cases apply and that disqualification is appropriate.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Judgment on the Pleadings (Doc. #37) is **DENIED** and the declaratory relief sought in Count I of the Counterclaim (Doc. #36) is denied.

2. Plaintiff's Cross-Motion for Judgment on the Pleadings (Doc. #38) as to Count II of the Amended Complaint (Doc. #30) is **GRANTED** and Rami Boaziz of Stellar is disqualified to act as the appraiser during any part of the appraisal process.

3. The Clerk shall withhold the entry of judgment until the conclusion of the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of June, 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record